IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ROBERT PETER RUSSELL, | : | |
| | : | |
| Petitioner | : | No. 4:05-CV-2294 |
| | : | |
| v. | : | Petition Filed 11/3/05 |
| | : | |
| TROY WILLIAMSON, Warden, | : | (Judge Muir) |
| | : | |
| Respondent | : | |

**ORDER**

January 10, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On November 3, 2005, Petitioner Robert Peter Russell, an inmate at the United States Penitentiary-Allenwood, White Deer, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In the petition Russell challenges a judgment of conviction and sentence imposed on him by the United States District Court for the Eastern District of Virginia.  Russell claims the trial court lacked jurisdiction to convict him and that, therefore, his conviction and sentence are null and void. The Clerk of Court assigned responsibility for this case to us but referred it to United States Magistrate Judge J. Andrew Smyser for preliminary consideration.

On December 28, 2005, Magistrate Judge Smyser filed a report recommending that Russell's petition for writ of habeas corpus be dismissed and the case file closed.  Russell filed objections to that report. No separate brief in support of the objections was filed by Russell in accordance with the Local Rules 72.2 and 72.3. Although we could deem the objections

withdrawn because Russell failed to file a brief at the same time as the objections in accordance with the Local Rules, we will consider Russell's objections.

When objections are filed to a report of a magistrate judge, we make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections.  United States vs. Raddatz, 447 U.S. 667 (1980); 28 U.S.C. §636(b)(1); Local Rule 72.31.  District judges have wide discretion as to how they treat recommendations of the magistrate judge.  Id.  Indeed, in providing for a de novo review determination rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  Id.  See also Mathews vs. Weber, 423 U.S. 261, 275 (1976); Goney vs. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In 1991 Russell was found guilty in the United States District Court for the Eastern District of Virginia of the first-degree murder of his wife, an officer in the United States Marine Corps.  On August 2, 1991, Russell was sentenced to life imprisonment.  The Court of Appeals for the Fourth Circuit affirmed Russell's conviction and the United States Supreme Court declined to review the case.

Russell filed a motion pursuant to 28 U.S.C. § 2255. On January 12, 1994, that motion was denied by the United States District Court for the Eastern District of Virginia.  On January

5, 2001, Russell file a motion for authorization to file a successive § 2255 motion.  By an order dated March 2, 2001, the United States Court of Appeals for the Fourth Circuit denied Russell's application to file a successive § 2255 motion.

Magistrate Judge Smyser correctly observes in his report that Russell must pursue any challenge to his conviction by way of a motion filed pursuant to 21 U.S.C. § 2255.  Although Russell has previously filed a § 2255 motion which was denied, that fact does not allow him to challenge his conviction by way of a petition for writ of habeas corpus under 21 U.S.C. § 2241. Litterio vs. Parker, 369 F.2d 395, 396 (3d Cir. 1966)(sentencing court's prior denial of claims does not render § 2255 remedy inadequate or ineffective).

The objections filed by Russell are basically a repeat of his arguments before Magistrate Judge Smyser.  In an 11-page report Magistrate Judge Smyser explained why the petition should be dismissed.  That report adequately addresses the issues. We note that Russell had previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction - Russell v. Pugh, 4;03-CV- 1602 (M.D.Pa.).  By order of December 11, 2003, we dismissed that petition and the Court of Appeals for this circuit affirmed that dismissal on July 12, 2005.  The present petition is a successive filing and an abuse of the writ of habeas corpus.

Magistrate Judge Smyser was correct in recommending that the petition filed in the above-captioned case be dismissed.

3

The report of Magistrate Judge Smyser is free from error. Because we find no error in Magistrate Judge Smyser's report we shall adopt it as our own.

Finally, because Russell is not detained because of process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this court with respect to a certificate of appealability is necessary.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The report of Magistrate Judge J. Andrew Smyser filed on December 28, 2005, is adopted in toto.

2. Russell's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed.

3. The Clerk of Court shall send a copy of this order to Magistrate Judge Smyser.

4. The Clerk of Court shall close this case.

s/Malcolm Muir
MUIR, U.S. District Judge

MM:gs